MARTIN v. BALDWIN and others.

'Circuit Court, D. California. February 4, 1884.)

JURISDICTION OF FEDERAL COURT—PENDENCY OF CAUSE IN STATE COURT.

Pending a suit in a state court for the partition of land, a court of the United States having concurrent jurisdiction may refuse to entertain a suit between the same parties or their successors by purchase, *pendente lite*, when the issues and interests involved in the two cases are the same.

The facts are stated in the opinion.

*W. S. Woods*, for complainant.

*Latiner & Morrow*, for defendants.

SAWYER, J., (*orally*.) This is a suit for partition of a ranch, Camilo Martin bringing the suit against Baldwin and Garvey for partition, alleging that he owns a certain portion, and that Baldwin and Garvey own the remaining portions. The plea sets up that W. and F. W. Temple commenced suit in the district court for the district of Los Angeles county, against Baldwin, one of the defendants in this suit, and several other defendants named, being the other owners at the time, for a partition of this same ranch; that said suit is still pending in the superior court for the county of Los Angeles; that it embraces the identical object and subject-matter involved in this suit; that since the commencement of that suit, the plaintiff in this proceeding, Camilo Martin, has purchased the interest of the Temples, and now owns the same interest that the Temples did; that Garvey has purchased the interest of some of the other defendants in the suit; and that Camilo Martin, the complainant in this suit, and Baldwin have also purchased the remaining interest of the other defendants in the suit, so that now Martin, Garvey, and Baldwin are owners of the entire ranch; that though there are other parties to the former suit for partition, yet the parties to the present suit have succeeded to their interests, *pendente lite*, and are now the only parties in interest; that the same interests are now involved, the parties to this suit having purchased in subsequently to the bringing of the former suit and the filing of notice *lis pendens*, and are, therefore, in privity with those other parties; that this suit involves precisely the same questions that the former suit does; and that the judgment or the decree in the former suit would be binding upon all the world. Section 1908 of the Code of Civil Procedure says:

"The effect of a judgment or final order in an action or special proceeding before a court or judge of this state, or of the United States, having jurisdiction to pronounce the judgment or order, is as follows:   *   *   *   (2) In other cases, the judgment or order is, in respect to the matter directly adjudged conclusive between the parties and their successors in interest by title, subsequent to the commencement of the action or special proceeding, litigating for the same thing, under the same title, and in the same capacity."

Precisely the same relief is to be had in one suit as in the other, and the judgment in the first suit would be binding upon all the par-

tics. It is true that these are different jurisdictions, that is to say, one is the jurisdiction of the United States and the other of the state court, and in ordinary cases the pending of the suit in one of these tribunals would not abate a suit pending in another. But these suits are for partition of the same land, and the two courts might reach a different result and there be no error in either proceeding upon which the judgment could be reversed. The parties would find themselves in a very embarrassing position if the judgments should be different in the different courts and both of them be valid. The jurisdiction of the two courts is concurrent. The proceeding is in the nature of a proceeding *in rem.* Where two courts have concurrent jurisdiction in a proceeding *in rem,* and one court obtains possession of the *res,* ordinarily it would be entitled to proceed to judgment without interference from the other court. Certainly, one court would not be entitled to take the *res* out of the possession of another court of concurrent jurisdiction, which, in the exercise of its lawful authority, has obtained the actual, physical possession of the thing in suit. It seems to me that the same principle should apply to a suit for partition. The action is local, and the courts, having concurrent jurisdiction, must necessarily exercise the same territorial jurisdiction, although the courts may be courts of different sovereignties. The proceeding being in the nature of a proceeding *in rem,* the court first obtaining legal possession or control of the *res* ought, by comity at least, if not otherwise, to be permitted to proceed to an adjudication without interference by the other court. As a matter of sound legal discretion and comity, I think the court is authorized to abate the suit in this court on the ground of the pending of the other suit in the state court, even if the party pleading the matter of abatement is not entitled to have it abated as a matter of strict legal right. The complainant cannot complain, for he purchased pending the former suit, and the notice of *lis pendens,* filed in pursuance of the statute, informed him of the condition of the lands. He purchased into a lawsuit in regard to lands already in the legal control of another court. This court, at the commencement of that suit, had no jurisdiction whatever of the case,—the parties being then all citizens of California,—and complainant took his interest *cum onere.*

Let the plea be sustained.